IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**VERRINA BEY,**

        **Plaintiff,**

**v.**                                                                    **Case 2:23-cv-02065-SHM-cgc**

**RHODES COLLEGE,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**

---

Before the Court is Defendant Rhodes College's Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") #10). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED.

## I.      Background

On February 9, 2023, Plaintiff Verrina Bey filed a pro se "Complaint for Violation of United States Constitution Amendment I and Amendment XIV and of the Civil Rights Act of 1964 and Violation of Title IX" ("Complaint"). Plaintiff alleges that she was employed by Rhodes, a private college in Memphis, Tennessee. (Compl. ¶¶ 1-2). She alleges that, during her employment tenure, Rhodes began mandating that its employees be vaccinated for COVID-19

and that it did not recognize any religious exemption to the requirement.  (*Id*. ¶ 8).  She alleges

that vaccination for COVID-19 violates her sincerely held religious beliefs because, upon her

information and belief, all available vaccines "employ aborted fetus cell lines in their testing,

development, or production."  (*Id*. ¶¶ 1, 8).  She alleges that, ultimately, she was discharged from

her employment at Rhodes "without pa[y] and some of her other employment benefits."  (*Id*. ¶

14).

Plaintiff explicitly raises three claims: a violation of the First Amendment ("Count I"); a

violation of the Fourteenth Amendment ("Count II"); and, discrimination and retaliation pursuant

to Title IX[1].  (Compl. ¶¶ 17-48).[2]

On March 21, 2023, Rhodes filed the instant Motion to Dismiss.  (D.E. #10).  Rhodes

argues that the First and Fourteenth Amendments generally apply only to state actors and do not

prohibit any specific private conduct.  Rhodes acknowledges that the conduct of a private entity

may be "fairly attributable to the state" under certain circumstances but further argues that

Plaintiff fails to plead any factual basis that any such conduct occurred here.  Rhodes also argues

that Plaintiff fails to state a Title IX claim because Title IX governs discrimination on the basis

of sex but not on the basis of religion.  *See* 20 U.S.C. § 1681(a).  Finally, Rhodes argues that,

even under the most liberal pleading standards, Plaintiff has failed to plead a claim pursuant to

Title VII.

---

[1]     Plaintiff states that her Title IX claims are pursuant to Title IX of the Civil Rights Act of 1964;
however, those provisions do not relate to any allegations in Plaintiff's Complaint, *see* 42 U.S.C. § 2000h,
*et seq*.  Based upon the nature of Plaintiff's claims arising from the educational context, the Court
construes Plaintiff's Title IX claim as being raised pursuant to Title IX of the Education Amendments Act
of 1972, 20 U.S.C. § 1681, *et seq*. ("Title IX").

[2]     Plaintiff mentions "Title VII" in her Complaint, namely, to allege that Rhodes has more than
fifteen employees such that it is "covered by Title VII, which mandates the reasonable accommodation of
sincere religious beliefs."  (Compl. ¶1A).  Plaintiff does not include a cause of action for violation of Title
VII of the Civil Rights Act of 1964 ("Title VII"), (*Id*. ¶¶ 17-48).

On April 24, 2023, Plaintiff filed her Responses to Rhodes' Motion to Dismiss.  (D.E. #11, #12).  Plaintiff argues that this Court must apply the new standard of review for reasonable accommodations of religious exemptions as set forth in April 2023 by the United States Supreme Court in *Groff v. DeJoy*, 600 U.S. 2279 (2023).  Plaintiff further argues that Rhodes filed its Motion to Dismiss when it knew or should have known that the Supreme Court had not yet decided this case.  Finally, Plaintiff summarizes a list of other cases that she believes support her claims.

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true.  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  This standard requires more than bare assertions of legal conclusions.  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001).  "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give

the defendant fair notice of what the . . . .claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District

Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III.   Proposed Analysis

#### A.   First and Fourteenth Amendments

"It is undisputed that First and Fourteenth Amendment protections, codified in 42 U.S.C. § 1983, are triggered only in the presence of state action and that a private entity acting on its own cannot deprive a citizen" of these rights. *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Brothers v. Brooks*, 436 U.S. 149 (1978); *Hudgens v. NLRB*, 424 U.S. 507 (1976)).  A private entity may only be held to constitutional standards when its actions so approximate state action that they may be fairly attributable to the state. *Lansing*, 202 F.3d at 828.

The Sixth Circuit recognizes three tests for determining whether a private entity's conduct is so attributable: (1) the public-function test, which requires that the private entity exercise powers that are traditionally exclusively reserved to the state; (2) the state-compulsion test, which requires proof that the state significantly encouraged or coerced the party, either overtly or covertly, to take a particular action so that the choice is really that of the state; and, (3) the nexus test, which requires a sufficiently close relationship between the state and the private entity. *Memphis, Tennessee Area Local Amer. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004) (quoting *Wolotsky v. Huhn*, 960 F.2d 1331 (6th Cir. 1992)).

With respect to whether Rhodes' vaccine mandate is fairly attributable to the state,

Plaintiff cursorily alleges as follows:

- Defendant is an employer who[] has signed off on the laws of being an equal
employment opportunity [sic] as required by the 1964 Civil Rights Act and is
responsible for the execution of the laws Congress has established governing
the Act, the laws of the United States Constitution and Title XI, including the
challenged vaccine mandate, and the laws of the land established by the
United States Supreme Court and Great State of Tennessee Supreme Court
and Tennessee Constitution, and as will [sic] as acting under the color of state
laws. (Compl.¶ 2A).

- Defendant's mandatory vaccine policy and/or action or conduct was
governing [sic] by the Defendant following the guideline[s] of the CDC. (*Id.*
¶ 11).

With respect to Plaintiff's general contentions that Rhodes is responsible for complying

with federal and state law, this is universally true for all private entities and does not convert

Rhodes into a state actor. *Ciraci v. v. J.M. Smucker Co.*, No. 22-3462, 2023 WL 2486075, at *5

(6th Cir. Mar. 14, 2023) (citations omitted). With respect to Plaintiff's more specific contention

that Rhodes' implementation of the government-recommended vaccine mandate violates an

employee's constitutional rights, the Sixth Circuit has already squarely rejected such a challenge.

In *Ciraci*, the plaintiff alleged that their employer violated the Free Exercise Clause of

the First Amendment by refusing to recognize a religious exemption to the vaccine mandate.

The *Ciraci* court considered each of the three tests for conduct fairly attributable to the state and

determined that the employer there did not meet any of these criteria. 2023 WL 2486075 at *3-

*5. The same reasoning is applicable here.

Under the public-function test, Plaintiff alleges that Rhodes is a private college, which,

by its very nature, is not a government function. *Id*. at *3. The fact that Rhodes carried out the

vaccine mandate in the course of privately educating its enrolled students does not change

anything, as it is the employer's underlying service that is considered in this inquiry. *Id*. Under the state-compulsion test, Plaintiff does not allege that Rhodes is directed by, controlled by, or in partnership with the government such that they are in essence entwined with one another. *Id*. Under the nexus test, Plaintiff has not alleged that the federal or state government required Rhodes to mandate vaccination. *Id*. at \*4-\*5 (citing *Blum v. Yaretsky*, 457 U.S. 991, 1006-09 (1982)). Accordingly, it is RECOMMENDED that Plaintiff has failed to state a claim for violations of the First and Fourteenth Amendments to the United States Constitution.

### B. Title IX

Plaintiff additionally alleges that Rhodes violated Title IX by implementing the vaccine mandate, which resulted in discrimination and retaliation against her. Title IX generally provides that "[n]o person in the United States shall, on the basis of *sex*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or any activity receiving Federal financial assistance." 20 U.S.C. § 1681(a) (emphasis added). Plaintiff does not allege that she suffered discrimination on the basis of sex; instead, she alleges that she suffered discrimination on the basis of religion, which is not covered by Title IX. Accordingly, it is RECOMMENDED that Plaintiff has failed to state a Title IX claim.

### C. Title VII

As set forth above, although Plaintiff mentions Title VII twice in her Complaint, she does not include a Title VII claim. Thus, Plaintiff's reliance on *Groff v. DeJoy*, 143 S.Ct. 2279 (2023), which pertains to Title VII claims, is misplaced.

**IV.     Conclusion**

For the reasons set forth herein, it is RECOMMENDED that Rhodes' Motion to Dismiss

be GRANTED.

**SIGNED** this 13th day of November, 2023.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**