```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| **VERRINA BEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:23-2065-SHM-cgc |
| | ) | |
| **RHODES COLLEGE,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is the "Motion of Defendant Rhodes College to Dismiss Plaintiff's Complaint" (the "Motion"). See ECF No. 10. Also before the Court is the Magistrate Judge's Report and Recommendation (the "Report"). See ECF No. 14. The Magistrate Judge recommends granting Defendant's Motion. The Magistrate Judge's Report is ADOPTED. Defendant's Motion is GRANTED.

**I.   Background**

Plaintiff Verrina Bey believes that all COVID-19 vaccines "employ aborted fetus cell lines in their testing, development, or production." See ECF No. 1, ¶ 1. Plaintiff says that being vaccinated with these COVID-19 vaccines is antithetical to her religious beliefs. Id. Plaintiff's employer, Defendant Rhodes College, required its employees to be vaccinated against COVID-19. Id. ¶¶ 8, 12. Plaintiff refused to be vaccinated, and

Defendant subsequently discharged Plaintiff "without pa[y] and some of her other employment benefits." See id. ¶¶ 1, 14.

In Count I, Plaintiff alleges that Defendant violated Plaintiff's right to the free exercise of her religion, which is secured under the Free Exercise Clause of the First Amendment through the Fourteenth Amendment. Id. ¶¶ 17-33. In Count II, Plaintiff alleges that Defendant violated Plaintiff's right to equal protection of the laws, which is secured by the Fourteenth Amendment. Id. ¶¶ 34-46. In Count III, Plaintiff alleges that Defendant discriminated and retaliated against Plaintiff "on the basis of Plaintiff's religious beliefs . . . in violation of [Defendant's] own policies and Title IX." Id. ¶ 47-48. In Count IV, Plaintiff alleges that Defendant may be held vicariously liable for the discriminatory and retaliatory actions of its employees. Id. ¶ 49.

Defendant has filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See ECF No. 10. United States Magistrate Judge Charmiane Claxton filed the Report on November 13, 2023, recommending that the Court grant Defendant's Motion. See ECF No. 14. Plaintiff has filed timely objections to the Report. See ECF No. 15. Defendant has not responded.

**II.  Jurisdiction**

Plaintiff's claims arise under federal law. The Court has jurisdiction pursuant to 28 U.S.C. § 1331(a).

**III. Standard of Review**

A district court must "make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A district court "need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made." Canaday v. Anthem Cos., Inc., 439 F. Supp. 3d 1042, 1045 (W.D. Tenn. 2020) (citing Thomas v. Arn, 474 U.S. 140, 150 (1985)). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Zimmerman v. Cason, 354 F. App'x 228, 230 (6th Cir.2009). An objecting party must point to "specific issues for review" and "explain[] the source of the error." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir.1991).

**IV. Analysis**

Plaintiff has failed to make any specific objections to the Report. Plaintiff's objections are largely incoherent and make no attempt to address the Report's legal and factual findings.

For example, Plaintiff says that the Magistrate Judge "committed fraud Violating Estate Equity Trust Law", committed treason, and "acceded to the fraud that Executrix Verrina Bey consent to amend the VERRINA BEY Estate Trust was lawfully attained where [the Magistrate Judge] had actual knowledge that the validity and lawfulness of this case was a fact in dispute". See ECF No. 15. Plaintiff also alleges, without offering any analysis, that Defendant violated Titles V, VI, and VII of the Civil Rights Act of 1964, violated The Highway Safety Act of 1966, and violated the National Drivers Act of 1982. See id.

Plaintiff's general statements are not specific objections to the Report's recommendations. The Court need not review Plaintiff's objections "under a de novo or any other standard." Canaday, 439 F. Supp. 3d at 1045. The Report is adopted in full.

**V. Conclusion**

The Magistrate Judge's Report is ADOPTED in full. Defendant's Motion to Dismiss is GRANTED.

SO ORDERED this *22nd* day of February, 2024.

4

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

5